IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DOMINIQUE MOORE<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>CITY OF CHICAGO, CHICAGO POLICE OFFICERS, HANRAHAN, Star No. 4780, VOGT, Star No. 6802, BURZINSKI, Star No. 19589, KURI, Star No 16202, and O'GRADY, Star No. 12504.<br><br>　　　　Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

Plaintiff, Dominique Moore, through his attorneys, Second City Law, P.C., brings this complaint against Defendants City of Chicago ("Defendant City"), Chicago Police Officers Hanrahan, Star No. 4780, Vogt¸Star No 6802, Burzinski, Star No. 19589, Kuri, Star No. 16202 and O'Grady, Star No. 12504:

### **JURISDICTION AND VENUE**

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district, and the events giving rise to the claims occurred within this district.

## PARTIES

4. Plaintiff, Dominique Moore, is a citizen of the United States of America, who currently resides in Chicago, Illinois.

5. Defendants Hanrahan, Vogt, Burzinksi, Kuri, and O'Grady were (referred to collectively herein as "Defendant Officers"), at all relevant times, employed by Defendant City as Chicago Police Officers. They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their individual capacities.

6. Defendant City is a municipal corporation duly incorporated under the laws of the State of Illinois, and was at all relevant times, the employer and principal of the Defendant Officers.

## INCIDENT ON SEPTEMBER 26, 2012

7. On September 26, 2012, Plaintiff Dominique Moore was walking up Springfield Avenue on his way to the corner store at the intersection of Hamlin and Ohio in Chicago, IL.

8. As he was walking, Mr. Moore saw several men running at the intersection ahead of him.

9. Mr. Moore continued on his way to the store.

10. Less than a minute later, Mr. Moore was confronted by Defendants Hanrahan and Vogt who came from the same direction as the men who Mr. Moore had seen running.

11. Defendants grabbed Mr. Moore by his arms and asked him about the men who had run by.

12. When Mr. Moore replied that he did not know anything about them, Defendants physically guided him towards a gray van.

13. Mr. Moore had never seen the van before.

14. Defendants told Mr. Moore that if he would not tell him about the running men, Defendants would charge him with anything illegal that they found in the van.

15. After searching inside of the van for several minutes, Defendants came out with a plastic bag.

16. Defendant Hanrahan pushed the bag against Mr. Moore's face, and said "This is yours."

17. Mr. Moore was frightened about coming into physical contact with contraband that he had nothing to do with, so he jerked back.

18. Defendant Hanrahan took out his taser and fired at Mr. Moore.

19. Mr. Moore and Defendant Vogt, who was still holding Mr. Moore, were both knocked to the street by the blast.

20. Furious because Defendant Vogt had also been shocked, Defendants began to brutally beat Mr. Moore about his face and body.

21. Defendants tased Mr. Moore multiple times while he was on the ground, and broke his nose.

22. Defendant Hanrahan punched Mr. Moore so hard that he fractured his hand.

23. Mr. Moore was taken to the trauma unit at St. Anthony's where he received treatment for his injuries.

24. Defendants charged Mr. Moore with possession of a controlled substance and aggravated battery to police officers; crimes that they knew Mr. Moore did not commit.

25. Mr. Moore spent 145 days in jail until his family could raise the thousands of dollars necessary for his bond.

26. Defendant Burzinski witnessed the incident, participated in the unconstitutional use of force, and was aware of the fraudulent charges, and did nothing to intervene.

27. Defendant Burzinski also falsely testified against Mr. Moore during the preliminary hearing.

## INCIDENT ON AUGUST 28, 2013

28. On August 28, 2013 Mr. Moore was sitting on his Aunt's front porch with his Aunt, his Aunt's daughter, and an acquaintance from the neighborhood.

29. Mr. Moore was still on bail, while waiting for trial on the September 26, 2012 incident.

30. For several weeks prior, Mr. Moore had seen the Defendants patrolling the neighborhood.

31. On August 28, 2013, the Defendants Hanrahan and Kuri stopped their car in front of Mr. Moore's Aunt's house.

32. Defendant Hanrahan and Defendant Kuri opened the gate, came onto the porch without permission, handcuffed Mr. Moore and put him in their police car.

33. Defendant Hanrahan told Defenant Kuri that this was the guy (Mr. Moore) that I broke my hand on.

34. Defendants reversed the car into a nearby alley.

35. Unbeknownst to the Defendants, an individual from the neighborhood filmed the Defendants placing Mr. Moore in the police car.

36. Defendant Kuri who was in the backseat with Mr. Moore, slapped him in the face several times, and pulled out one of Mr. Moore's hair braids.

37. Defendants told Mr. Moore that he had better plead guilty to the case that they fabricated against him.

38. Defendants continued to Avers, with Mr. Moore in the car, where they met with Defendant Vogt and his partner Defendant O'Grady to talk about what to do.

39. At that time, Defendants were conspiring against Mr. Moore and trying to coerce him into pleading guilty to crimes that he did not commit.

40. After this incident, Mr. Moore went to the Independent Police Review Authority (IPRA), to make a statement about what happened.

41. The Defendants also made statements to IPRA.

42. Video evidence proved that the Defendants lied about their whereabouts, and the circumstances in which they encountered Mr. Moore on August 28, 2013.

43. After going to Court more than a dozen times, charges against Mr. Moore were finally dropped on June 24, 2014, in a manner indicative of Mr. Moore's innocence.

### Count I – 42 U.S.C. § 1983
### Fourth Amendment – Excessive Force September 26, 2012

44. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

45. The actions of Defendants Hanrahan, Burzinski, and Vogt as detailed above, constitute unreasonable, unjustifiable, and excessive force against Plaintiff; thus, violating Plaintiff's rights under the Fourth Amendment to the United States Constitution.

46. As a proximate result of the above-detailed actions of Defendants, Plaintiff suffered injuries including pain and suffering, emotional distress and mental anguish.

## Count II – 42 U.S.C. § 1983
## Fourth Amendment – Failure to Intervene, September 26, 2012

47. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

48. The actions of Defendants Hanrahan and Vogt, as detailed above, constitute unreasonable, unjustifiable, and excessive force against Plaintiff.

49. Aware that excessive force was being used by her partners against Plaintiff, Defendant Burzinski had a reasonable opportunity to intervene to stop it, and failed to do so.

50. As a proximate result of the above-detailed actions and omissions of Defendant Burzinski, Plaintiff suffered injuries including pain and suffering and emotional distress.

## Count III – 42 U.S.C. § 1983
## Fourth Amendment – False Arrest, September 26, 2012

51. Each of the foregoing paragraphs is incorporated as if restated fully herein.

52. Defendants Hanrahan, Vogt, and Burzinski knowingly arrested Plaintiff without probable cause in violation of Plaintiff's rights under the Fourth Amendment of the United States Constitution.

53. As a result of their conduct, Plaintiff suffered injury including but not limited to emotional distress and loss of freedom.

## Count IV – 42 U.S.C. § 1983
## Fourth Amendment – False Arrest/Unreasonable Seizure, August 28, 2013

54. Each of the foregoing paragraphs is incorporated as if restated fully herein.

55. Defendants Hanrahan, Vogt, O'Grady, and Kuri knowingly arrested and/or otherwise unreasonably seized Plaintiff in violation of Plaintiff's rights under the Fourth Amendment of the United States Constitution.

56. As a result of their conduct, Plaintiff suffered injury including but not limited to emotional distress and loss of freedom.

### Count V – 42 U.S.C. § 1983
### Fourth Amendment – Excessive Force August 28, 2013

57. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

58. The actions of Defendant Kuri as detailed above, constitute unreasonable, unjustifiable, and excessive force against Plaintiff; thus, violating Plaintiff's rights under the Fourth Amendment to the United States Constitution.

59. As a proximate result of the above-detailed actions of Defendants, Plaintiff suffered injuries including pain and suffering and emotional distress.

### Count VI – 42 U.S.C. § 1983
### Fourth Amendment – Failure to Intervene, August 28, 2013

60. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

61. The actions of Defendant Kuri as detailed above, constitute unreasonable, unjustifiable, and excessive force against Plaintiff.

62. Aware that excessive force was being used by his partner against Plaintiff, Defendant Hanrahan had a reasonable opportunity to intervene to stop it and failed to do so.

63. As a proximate result of the above-detailed actions and omissions of Defendant Hanrahan, Plaintiff suffered injuries including pain and suffering and emotional distress.

### Count VII – 42 U.S.C. § 1983
### Equal Protection/Due Process Violations

64. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

65. The actions of Defendants' Kuri, Hanrahan, Vogt, and O'Grady, in their efforts to coerce Plaintiff into pleading guilty to crimes that he did not commit, violated Plaintiff's Equal Protection and Due Process Rights.

66. As a proximate result of the above-detailed actions, Plaintiff suffered injuries including emotional distress.

## Count VIII – 42 U.S.C. § 1983
## Conspiracy to Deny Plaintiff his Constitutionally Protected Rights

67. Each of the foregoing Paragraphs is incorporated as if restated fully herein

68. As described more fully above, each of the Defendants conspired, directly or indirectly, for the purpose of depriving Plaintiffs of equal protection and due process of the law.

69. In so doing, Defendants, including Defendant Burzinski, took actions in furtherance of this conspiracy, causing injury to Plaintiff.

70. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of plaintiffs.

71. As a proximate result of the above-detailed actions and omissions of Defendant Hanrahan, Plaintiff suffered injuries including emotional distress.

## Count IX: Illinois Malicious Prosecution

72. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

73. As stated above, Defendants Hanrahan, Vogt, and Burzinksi caused criminal proceedings against Plaintiff to be commenced and continued with malice, without probable cause, and knowing that Plaintiff was not guilty of the crimes for which he had been charged.

74. All charges against Plaintiff were dismissed in a manner indicative of Plaintiff's innocence, which fully and finally terminated the case in Plaintiff's favor.

75. As a result of the Defendants' conduct, Plaintiff suffered injury including but not limited to emotional distress and loss of freedom.

## Count X: Illinois Intentional Infliction of Emotional Distress

76. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

77. The above-detailed conduct by Defendants Kuri, Hanrahan, and Vogt was extreme and outrageous, exceeding all bounds of human decency.

78. Defendants performed the acts detailed above with the intent of inflicting severe emotional distress on Plaintiff or with knowledge of the high probability that the conduct would cause such distress.

79. As a direct and proximate result of this conduct, Plaintiff did in fact suffer, and continues to suffer, severe emotional distress.

## Count XI: 745 ILCS 10/9-102

80. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

81. Defendant City of Chicago is the employer of all of Defendant Officers.

82. Defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

## Count XII: Respondeat Superior

83. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

84. In committing the acts alleged in the preceding paragraphs, Defendants were employed by and acting as an agents of the City of Chicago.

85. Defendant City of Chicago is liable as principal for all torts committed by its agents.

WHEREFORE, pursuant to 42 U.S.C. Section 1983 and applicable state law, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages and, because the Defendant Officers acted maliciously, wantonly, or oppressively, Plaintiff seeks punitive damages against them in their individual capacities, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just. Plaintiff demands trial by jury.

                                                RESPECTFULLY SUBMITTED,


                                                _____/s/James M. Baranyk_____
                                                      Attorney for Plaintiff

James Baranyk
Second City Law, P.C.
C/O Robert Johnson
33 N. Dearborn, Suite 1950
Chicago, IL 60602
773.517.2904